■ In the Matter of the Accounting of JOHN A. READ, as Surviving Trustee of the Trusts under the Will of ALICE E. WILHELM, Deceased. (Appeals No. 1, 2 and 3.)—Motion to resettle orders granted to extent that the decision dated and order entered December 9, 1977 [60 AD2d 32] amended to direct that costs and disbursements be charged appropriately by the Surrogate upon final settlement of the trustee's accounts after completion of the appeals in this matter and by substituting in place of the last sentence of the second last paragraph of the opinion by Simons, J., dated December 9, 1977, the following: "The denial of the motions to modify, erroneously considered by the trial court as motions to reargue, was an improper exercise of discretion. However, since our decision resolves the appeal in favor of the appellant, the motions to modify and to intervene should be dismissed as moot." Memorandum: These are two motions in a matter previously decided by this court (see *Matter of Wilhelm,* 60 AD2d 32). The primary dispute centers upon an allegation by the Surrogate made at a hearing that he called *sua sponte* upon the return of the remittitur. He alleges that this court in its decision relied upon factual matters which were not before him when he decided the case. The general rule, of course, is that an appellate court may not consider facts not before the trial court (see *Matter of Niagara County Water Dist. v Board of Assessors of the City of Lockport,* 31 AD2d 1004). The alleged offending material in this case was an 18-page "family tree" contained in appellant's appendix. The family tree presented material to this court in diagramatic form which had been

submitted to the Surrogate earlier in prose form. Its purpose was to illustrate the interrelationship of the 71 heirs of the testatrix but the diagram in the appendix contained some dates of birth, death and marriage which were not before the Surrogate originally. The diagram was stipulated as a part of the record on appeal by all the attorneys although all of them knew that it had not been before the Trial Judge in precisely that form. We have no doubt it was submitted to us in good faith as an aid to understanding. It concededly contained entirely accurate data. By examining the exhibits submitted on this motion, including statements of the Surrogate at the remittitur hearing, we find that the only disputed evidence recited in our decision was information concerning Edwin Wilhelm (see 60 AD2d 32, 37). The opinion stated Edwin's age at various times, the fact that he was childless and a speculative observation about his wife. The Surrogate has stated that he had before him knowledge of Edwin's age at the time the will was executed, and his age at the time of testatrix' death was, therefore, a matter of simple arithmetic. There was also information before the court listing all the testatrix' heirs and which did not enumerate any descendant for Edwin. From that information the inference could be made logically and correctly that he was childless. Furthermore, these dates of birth, death, marriage and lack of heirs are stipulated as accurate and they are matters of public record which may be judicially noticed for the first time by this court on appeal (*Hunter v New York, Ontario & Western R. R. Co.,* 116 NY 615, 622; *Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744). The reference to testatrix' dislike of Edwin's wife was not part of the exhibit to which the Surrogate objects but appeared in one of the briefs. It was a minor matter. It is not unlikely that much, if not all, of this information was before the court at one time or another during the various proceedings in the 15 years that this estate has been under administration, but in any event the Surrogate has stated that this disputed family tree information was not material to his decision and the decision of this court would not be altered if the information were excised from the record. We, therefore, see no reason to object to its inclusion in the appendix and we adhere to our original decision. We modify this court's opinion insofar as it erroneously described appellant's motion to the Surrogate to modify as a motion to reargue. The application to modify contained new information and a proffer of proof which properly related to the testatrix' intention in setting up the trusts in her will. The Surrogate's denial of it was an improper exercise of discretion but insofar as our decision resolved the appeal in favor of the appellant, consideration of the denial of the motion to modify was moot. Appellant also asks that the three orders appealed be consolidated. That is a matter properly addressed to the Court of Appeals (see 10 Carmody-Wait 2d, NY Prac, 70.281). We do, however, grant appellant leave to appeal the dismissal of his motions to modify so that the entire record may be before the Court of Appeals upon argument of the pending special guardians' appeal. Finally, we amend our order and decision to direct that costs and disbursements be charged appropriately by the Surrogate upon final settlement of the trustee's accounts after the completion of the appeals in this matter. Present— Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.